HARRIS *against* FORTUNE.

THE plaintiff in this cause recovered judgment for a sum *less* than was requisite to entitle him to costs, and then issued a *ca. sa.* upon which the debt, interest, and *costs*, were levied by the sheriff who paid them over to the persons respectively interested.

*T. Ross* for the defendant obtained a rule upon the plaintiff to shew cause why the costs up to the time of rendering judgment, should not be refunded.

*Franklin* for the plaintiff now appeared to shew cause, and urged that the rule was of a very novel nature; that if the defendant had not been compellable to pay costs, they might have been stopped in the sheriff's hands until a hearing in court; but that after they had been paid over, and all proceedings in the cause exhausted, up to the final distribution of the money, it was irregular to open the cause by taking a rule in it. The proper remedy was by action.

Per Curiam. The plaintiff was the cause of the irregularity by issuing execution for more than was due to him; and as the process of the court was made use of to compel the defendant to pay what by law he was not bound to pay, this summary proceeding in the cause is the proper one to enforce repayment.

Rule absolute.

1804.

LANG
*v.*
KEPPELE.

Tuesday,
September
18th.
If the plaintiff levies by execution costs to which he is not entitled, the court will compel him by rule to refund them, even after they have been distributed by the sheriff.